## SCHKADE v. WESTERN UNION TELEGRAPH CO. (No. 6309.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 17, 1919.)

1. APPEAL AND ERROR ⬤═➤722(1)—ASSIGNMENTS NOT COPIED FROM RECORD NOT CONSIDERED.

Assignments not copied from the record cannot be considered.

2. APPEAL AND ERROR ⬤═➤742(1)—ASSIGNMENT STATING NO PROPOSITION OF LAW INSUFFICIENT.

Assignment purporting to be a composite creation from first, second, third, and fourth assignments of error, but stating no proposition, furnishes nothing for consideration.

3. APPEAL AND ERROR ⬤═➤742(7)—ASSIGNMENT CONTAINING NO PROPOSITION OF LAW OR FACT AS TO GROUND OF MOTION FOR NEW TRIAL INSUFFICIENT.

Assignment of error: "The fifth ground of motion for a new trial: In the third paragraph of the charge of the court the jury were instructed upon proximate cause, wherein they were told 'that it was that cause which in a continuous sequence unbroken by any new independent cause, and but for which the same would not have occurred' "—contains no proposition of law or fact.

4. APPEAL AND ERROR ⬤═➤742(5)—ASSIGNMENT STATING NO PROPOSITION OF LAW INSUFFICIENT.

Assignment, "the jury, after reading paragraph 4 of the court's charge, wherein their

attention was specially called to paragraph 5, which was an instruction upon the weight of evidence and precluded the right of appellant to recover," contains nothing upon which a proposition of law can be founded and cannot be considered.

5. APPEAL AND ERROR ⬦742(7)—ASSIGNMENT NOT FOLLOWED BY A PROPOSITION OR STATEMENT NOT CONSIDERED.

Assignment of error, "The appellant insisted before court that he should have a new trial upon the ground of newly discovered evidence, to wit," etc., cannot be considered; it not being followed by a proposition or statement, but merely by what is styled an argument.

6. NEW TRIAL ⬦102(5)—EVIDENCE PROCURABLE BY QUESTIONING WITNESS ON STAND NOT NEWLY DISCOVERED.

Question as to time of closing post office should have been asked postmaster when he was on the stand, and motion for new trial based upon alleged newly discovered evidence as to time of closing is not supported by an affidavit of postmaster.

Appeal from District Court, Kleberg County; W. B. Hopkins, Judge.

Action by Gerald Schkade against the Western Union Telegraph Company. Verdict and judgment for defendant, and plaintiff appeals. Affirmed.

C. H. Reese, of Kingsville, for appellant.

E. H. Crenshaw, Jr., of Kingsville, for appellee.

FLY, C. J. Appellant sought to recover damages in the sum of $2,500, alleged to have arisen from the negligence of, appellee in not promptly delivering a telegram announcing the death of appellant's mother, and thereby depriving him of attendance on her funeral. The cause was submitted to a jury, resulting in a verdict and judgment for appellee.

[1, 2] The first assignment found in the brief is not copied from the record, and purports to be a composite creation from the first, second, third, and fourth assignments of error. It states no proposition and consists merely of a statement of facts. There is nothing in the assignment to form a basis for any proposition of law. It furnishes nothing for consideration.

[3] The second assignment of error contains no proposition of law or fact. It is as follows:

"The fifth ground of motion for a new trial: In the third paragraph of the charge of the court the jury were instructed upon proximate cause, wherein they were told 'that it was that cause which in a continuous sequence unbroken by any new independent cause, and but for which the same would not have occurred.'"

What the complaint against the charge is, if there is any, is not indicated by the assignment. The fifth ground of the motion for new trial nor any part of it is copied into the brief, nor is the paragraph of the charge of the court copied, nor even the substance of it given.

[4] The third assignment of error is:

"The jury, after reading paragraph 4 of the court's charge, wherein their attention was specially called to paragraph 5, which was an instruction upon the weight of evidence and precluded the right of appellant to recover."

This matter was not copied from the motion for new trial nor any other part of the record. It contains nothing upon which a proposition of law can be founded. It cannot be considered.

The fifth and sixth assignments of error have no counterparts in the record and fail to furnish any basis for propositions of law, and cannot be considered.

[5, 6] The seventh assignment of error is as follows:

"The appellant insisted before court that he should have a new trial upon the ground of newly discovered evidence, to wit, that of M. J. Kivlin, postmaster, at Kingsville, Tex., in which he would state, if permitted to do so, that the post office at Kingsville, according to government regulations on December 14, 1917, closed at 6 o'clock p. m."

Had the assignment been copied from the record and contained any proposition to be considered, it is not followed by proposition or statement, but merely by what is styled an argument. The question as to time of closing should have been asked of the postmaster when he was on the stand, and the motion for new trial is not supported by the affidavit of the postmaster.

The judgment is affirmed.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes